IN RE DISQUALIFICATION OF LAVRICH.

IN RE ESTATE OF BEST.

[Cite as *In re Disqualification of Lavrich* (1990), 74 Ohio St.3d 1216.]

(No. 89–AP–149—Decided February 7, 1990.)

MOYER, C.J. The affidavit of disqualification herein was filed by Matthew J.D. Lynch seeking the disqualification of Judge Frank G. Lavrich from further proceedings in the above-captioned case.

The pertinent issue raised in the affidavit of disqualification is the ownership by the wife of Judge Lavrich of stock in Bank One Corporation, trustee in the subject case.

Canon 3(C)(1)(c) of the Code of Judicial Conduct provides that a judge should disqualify himself where the judge or his spouse "has a substantial financial interest in the subject matter in controversy or in a party to the proceeding[.]"

My review of all matters submitted in support of and in opposition to the affidavit of disqualification, and of the applicable law, causes me to conclude that the limited stock ownership in question does not constitute a substantial financial interest in either the subject matter in controversy or the corporate trustee. Nor do I find on the record before me that the disqualification of Judge Lavrich is necessary to avoid any appearance of impropriety.

Under Canon 3(C)(1)(c), the focus is on the percentage of the judge's (or spouse's) ownership interest in the party to the proceeding; the test is not the percentage of the judge's total assets that the stock ownership interest may represent. In this case, the ownership interest alleged in the record represents a minute percentage of the outstanding stock of the corporate party.

It is observed that Canon 3(C)(1)(c) of the Code of Judicial Conduct adopted in Ohio differs in an important respect from the comparable provision of the Code of Judicial Conduct adopted by the American Bar Association. The American Bar Association Code states that disqualification is warranted when the judge "has a

financial interest" in the case; the Code adopted in Ohio provides that the judge must have "a *substantial* financial interest" before disqualification is warranted.

Further, a revision to the American Bar Association Code is currently being considered that would amend Canon 3(C)(1)(c) to state that disqualification is warranted only where the judge holds "more than de minimis interest" in the party to the action. This proposed modification lends additional support to the conclusion reached in this case.

For these reasons, the affidavit of disqualification is found not well taken and is hereby dismissed.